UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

H-D MICHIGAN, LLC and
HARLEY-DAVIDSON MOTOR COMPANY, INC.

          Plaintiffs,

  v.

HELLENIC DUTY FREE SHOPS S.A.,

          Defendants

Case No. 2:11-cv-00742

---

### ORDER GRANTING PLAINTIFFS' MOTION
### FOR TEMPORARY RESTRAINING ORDER

On August 5, 2011, plaintiffs H-D Michigan LLC and Harley-Davidson Motor Company, Inc. ("Plaintiffs") filed suit against Hellenic Duty Free Shops S.A. ("Defendant") for breach of a trademark license agreement. Before me now is plaintiff's motion for a temporary restraining order.

Pursuant to Federal Rule of Civil Procedure 65, the standard for granting a temporary restraining order is similar to that for granting a preliminary injunction. *Monk v. Luy*, No. 09-CV-646, 2010 WL 2292593, at *1 (E.D. Wis. June 3, 2010) (citing *Graham v. Med. Mutual of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997)). A party must show that "it is reasonably likely to succeed on the merits, it is suffering irreparable harm that outweighs any harm the nonmoving party will suffer if the injunction is granted, there is no adequate remedy at law, and an injunction would not harm the public interest." *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006). Having considered the Motion for Temporary Restraining Order and Preliminary Injunction and the supporting Memorandum

and Declarations submitted by Plaintiffs, the Court hereby makes the following findings:

A. Plaintiffs own and use the famous HARLEY-DAVIDSON and Bar & Shield Logo trademarks (the "H-D Trademarks") for motorcycles, motorcycle-related products and services, and clothing and other merchandise.

B. Plaintiff Harley-Davidson Motor Company, Inc. and Defendant are parties to a trademark license agreement dated January 1, 2010 (the "Agreement"), under which Defendant was licensed to use the H-D Trademarks and other marks (collectively, the "Licensed Trademarks") for the manufacture, advertising, distribution, and sale of specified articles of clothing and accessories through specific distribution channels in Germany and other countries.

C. Defendant manufactured, distributed, and sold products bearing the H-D Trademarks to Penny Market, a German grocery-store chain. However, none of the products sold to Penny Market had been approved in writing by Plaintiffs as required under the Agreement, some of the products (i.e., wallets and towels) were not authorized to be sold under the Agreement and were thus unlicensed2, and the sales to Penny Market were outside the authorized channels of distribution under the Agreement. Plaintiffs have a strong likelihood of success on the merits by proving at trial that each of Defendant's actions described above, as well as other acts by Defendant detailed in Plaintiffs' Complaint, constituted separate breach(es) of the Agreement.

D. Plaintiffs have suffered irreparable harm as a result of Defendant's breaches of the Agreement, and Plaintiffs will continue to suffer irreparable harm

if a temporary restraining order is not granted. Defendant's actions irreparably harm Plaintiffs and their trademarks and reputation because Plaintiffs no longer have control over Defendant's use of the Licensed Trademarks or the quality of the goods sold by Defendant under those trademarks. In addition, Defendant's sale of inexpensive, lower-quality products under the Licensed Trademarks, which are inconsistent with the prestige of those trademarks and Plaintiffs' reputation for high-quality, premium products, harms the reputation of Plaintiffs and the goodwill associated with the Licensed Trademarks.

E. The balance of harms to Defendant is far outweighed by the substantial irreparable harm to Plaintiffs described above if a temporary restraining order is not issued. Any harm to Defendant is of its own doing because Defendant had an obligation to comply with the terms of the Agreement, and Defendant assumed the risk of any harm resulting from its wrongful activities, including selling unauthorized and unlicensed products bearing the Licensed Trademarks.

F. The public interest and the interests of nonparties favor issuance of the requested temporary restraining order. A temporary restraining order will protect the public from confusion and deception as to whether Defendant is still an authorized licensee of Plaintiffs and whether Defendant's goods bearing the Licensed Trademarks are authorized by Plaintiffs. A temporary restraining order also protects the interests of nonparties, including Plaintiffs' authorized dealers, whose business is dependent on maintaining the prestigious image of the

Licensed Trademarks through the sale of products commensurate with that image.

G. Pursuant to Federal Rule of Civil Procedure 65(c), a plaintiff seeking a temporary restraining order must "give[ ] security in an amount that the court considers proper to pay the costs and damages sustained" should it turn out that the restrained party has been wrongfully restrained. In the present case, plaintiff has proposed to post security in the amount of $10,000. Given the relatively minor harm that a preliminary injunction will cause Defendant, especially as balanced against the significant irreparable harm to H-D if Defendant's unauthorized use of the H-D Trademarks continues, and given the high probability of H-D's success on the merits, I conclude that $ 10,000 is adequate security.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that plaintiff's motion for a temporary restraining order is **GRANTED**. Defendant and its employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, joint ventures, distributors, dealers, and all persons in active concert or participation with any of them who receive actual notice by personal service or otherwise are hereby ENJOINED from:

1. Manufacturing, assembling, distributing, promoting, advertising, and selling any products or associated tags, labels, packaging, containers, displays and any other materials bearing any of the Licensed Trademarks or variations thereof

2. Using any of the Licensed Trademarks or variations thereof in any manner on or in connection with any products or associated tags, labels, packaging, containers, displays and any other materials.

3. Representing by any means whatsoever, directly or indirectly, that Defendant, any products offered by Defendant, or any activities undertaken by Defendant, are sponsored or licensed by Plaintiffs or are otherwise associated or connected in any way with Plaintiffs, or that the Agreement is still in effect.

4. Destroying, altering, secreting, transferring, or otherwise disposing of (or allowing to be destroyed, altered, secreted, transferred, or otherwise disposed of) any artwork, products, pre-production and production samples of products, means for making products, advertisements, promotional materials, sales and accounting records, letters, emails, files, and documents (whether on paper, in electronic format, or on any other medium) relating to: (a) the Licensed Trademarks, (b) the Agreement, (c) the manufacture, sales, or promotion of products bearing the Licensed Trademarks or variations thereof to or by Penny Market grocery stores, (d) the manufacture, sales, or promotion of products bearing the Licensed Trademarks or variations thereof to or by Real grocery stores, or (e) the claims and allegations asserted by Plaintiffs in their Complaint in this Action.

5. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs 1 through 4 above.

**IT IS FURTHER ORDERED** that this temporary restraining order is conditioned upon Plaintiffs filing with the Clerk of this Court an undertaking in the form of a bond, check, or cash in the amount of $10,000 to secure the payment of costs and damages as may be suffered or sustained by any party who is wrongfully restrained. The Clerk of Court shall retain this security until further court order.

**IT IS FURTHER ORDERED** that the restraints contained in this order expire fourteen days from the date of this order unless the court, for good cause, extends them for a like period or defendants consent to a longer extension. Plaintiffs are free to apply for such an extension.

Dated at Milwaukee, Wisconsin, this 6th day of September 2011, at 10:30 a.m.

s/_____
LYNN ADELMAN
District Judge