# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**H-D MICHIGAN, LLC and**
**HARLEY-DAVIDSON MOTOR COMPANY, INC.**

       **Plaintiffs,**

  **v.**

                                        **Case No. 2:11-CV-00742**

**HELLENIC DUTY FREE SHOPS S.A.,**

       **Defendant.**

---

### DECISION AND ORDER

Plaintiffs, H-D Michigan, LLC and Harley-Davidson Motor Company, Inc., sued defendant, Hellenic Duty Free Shops S.A., for breach of a trademark license agreement. On September 6, 2011, I issued a temporary restraining order ("TRO"), effective for 14 days, enjoining defendant from, among other things, using plaintiffs' trademarks. Plaintiffs now ask me to extend the order until they can effect service on defendant. Because defendant is a Greek company and refuses to appear voluntarily, plaintiffs must effect service under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, <u>see</u> Fed. R. Civ. P. 4(f), which is likely to take three to four months.

I granted the TRO because I concluded that plaintiffs were likely to succeed on the merits and would suffer irreparable harm if I did not grant it. The facts are unchanged and thus the only question presented is whether, pursuant to Fed. R. Civ. P. 65, I may extend the TRO for the three or four months necessary to effect service. Rule 65(b)(2) states: "The order expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good

cause, extends it for a like period or the adverse party consents to a longer extension." Courts have often construed the phrase "for a like period" to mean an additional 14 days. See, e.g., Chicago United Indus., Ltd., v. City of Chicago, 445 F.3d 940, 946 (7th Cir. 2006).

However, there is authority for the proposition that, under appropriate circumstances, a court may extend a TRO beyond 28 days. Wright and Miller note that the language of the first federal statute authorizing TROs suggested that the purpose of a TRO was

> to enjoin further activity by defendant until a hearing could be held on a preliminary injunction and that its duration was to be determined in light of that objective. . . . [I]f the moving party has exercised good faith in seeking the preliminary injunction hearing but has been unsuccessful . . . and the danger of irreparable injury continues to exist, there is every reason for extending the temporary restraining order beyond 20 days[1] and the court should have discretion to do so.

11A Charles Alan Wright, et al., Federal Practice and Procedure § 2953 (2d ed. 1995) (citations omitted); see also Trefelner ex rel. Trefelner v. Burrell School Dist., 655 F. Supp. 2d 581, 598–99 (W.D. Pa. 2009) (granting three-month extension to permit discovery prior to preliminary injunction hearing); Almetals, Inc. v. Wickeder Westfalenstahl, GMBH, No. 08-10109, 2008 WL 624067, at *2–3 (E.D. Mich. Mar. 6, 2008) (granting plaintiff's request to extend TRO until plaintiff could effect service under Hague Convention); Women's Med. Prof'l Corp. v. Taft, 199 F.R.D. 597, 598 (S.D. Ohio 2000) (granting two-week extension to enable court to prepare preliminary injunction decision); Assocs. Fin. Servc. Co., Inc. v. Mercantile Mortgage Co., 727 F. Supp. 371, 375 (N.D. Ill. 1989) (granting several month extension

---

[1] Prior to the 2009 amendments to the Federal Rules of Civil Procedure, the time limit on this type of order was 20 days instead of 28.

because 20 days was "a woefully inadequate time in which to prepare for, hear and decide a motion for preliminary injunction"); <u>U.S. v. City of Asbury Park</u>, 340 F. Supp. 555, 557 n.3 (D.N.J. 1972) (granting two-week extension because of complex evidentiary issues related to the preliminary injunction).

The reason for imposing strict time limits on TROs in cases where the defendant has not been given notice of the proceeding is obviously a concern for fairness to the defendant. However, in the present case, this rationale carries less weight because both plaintiff and this court advised defendant's New York counsel of the proceeding, and he indicated that defendant did not wish to participate.

Therefore, for the reasons stated, **IT IS ORDERED** that plaintiffs' motion for an extension of the temporary restraining order issued on September 6, 2011 until plaintiffs have effected service on defendant pursuant to the Hague Convention is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiffs shall notify the court when they have effected service.

Dated at Milwaukee, Wisconsin, this 19th day of September, 2011.

s/_____
LYNN ADELMAN
District Judge