UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**H-D MICHIGAN, LLC AND**
**HARLEY-DAVIDSON MOTOR COMPANY, INC.,**
      Plaintiffs,

    v.                                         Case No. 11-CV-00742

**HELLENIC DUTY FREE SHOPS S.A.,**
      Defendant.

## DECISION AND ORDER

Before me now is defendant's motion to stay the anti-suit injunction that I issued on February 7, 2012. The anti-suit injunction requires defendant to dismiss a parallel lawsuit that defendant has filed in Greece, and defendant asks for a stay pending appeal. The facts relevant to this motion can be found in my order granting the injunction. In deciding whether to stay the injunction, I must consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

For the same reasons stated in my order granting the anti-suit injunction, I do not believe that defendant is likely to succeed in overturning the injunction on appeal. Even though defendant has now presented evidence indicating that Greek courts generally disfavor anti-suit injunctions, I still believe such an injunction is necessary in this case. Defendant has not demonstrated that the issuance of an anti-suit injunction in this

particular case will harm international relations between the United States and Greece. See <u>Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.</u>, 10 F.3d 425, 432–33 (7th Cir. 1993). Moreover, defendant has not proven that it will be irreparably harmed if I deny the motion for a stay. If it turns out defendant has been wrongfully enjoined, defendant can re-file its Greek lawsuit. Defendant can also file a claim in this court for any damage it suffered as a result of the injunction. Plaintiffs have posted $1.8 million with this court for that purpose. While the injunction does prohibit defendant from opposing plaintiffs' efforts to enforce in Greece the preliminary injunction I issued on December 20, 2011, these efforts cannot cause meaningful harm to defendant. Regardless of what the Greek court does, defendant is bound by the preliminary injunction because defendant is a party to this lawsuit and is subject to personal jurisdiction in this court.

**THEREFORE, IT IS ORDERED** that defendant's motion to stay the anti-suit injunction [Docket #105] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 22nd day of February 2012.

                                                           s/ Lynn Adelman
                                                           LYNN ADELMAN
                                                           District Judge